EARL G. XAIZ, #3580
YENGICH, RICH & XAIZ
Attorneys for Defendant
175 East 400 South, Ste 400
Salt Lake City, Utah 84111
Telephone: (801) 355-0320
Fax: (801) 364-6026

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRENT BULLOCK,<br><br>Defendant. | POSITION OF DEFENDANT WITH RESPECT TO SENTENCING FACTORS<br><br>Case No.  2:08-cr-631 DAK<br><br>Judge Dale A. Kimball |

Pursuant to DUCrimR 32-1(b), Rules of Practice of the United States District Court for the District of Utah, the defendant, Brent Bullock  ("Bullock"), hereby submits the following Position of Defendant with Respect to Sentencing Factors.  Bullock does not object to the accuracy of the guideline calculations, but respectfully requests that this Court depart downward and impose a sentence of probation for reasons set forth below.

### I.      The Government Has Agreed to Recommend Probation

Bullock's total offense level is 11.  Based on his criminal history category of I, his

guideline range is 8 to 14 months.  However, pursuant to paragraph 12(B)(3), of the plea agreement, the government has agreed to recommend a sentence that does not involve incarceration.  This recommendation is based, in part, on the unique circumstances of this case, and also considering the information set forth below.

## II.    A Departure is Warranted Due to Aberrant Behavior

Section 5K2.20 of the United States Sentencing Guidelines allows a court to downward depart for aberrant behavior when, "the defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life."  U.S.S.G § 5K2.20.  Additionally, the application notes set forth other circumstances to consider in evaluating a departure for aberrant behavior, which include: mental and emotional conditions, employment record, record of prior good works, motivation for committing the offense, and efforts to mitigate the effects of the offense.  U.S.S.G. § 5K2.20, App. Note 3.

Bullock's behavior in the instant case clearly constitutes aberrant behavior. Bullock is a 61-year-old individual who has no criminal history other than an alcohol ticket in 1968.  (*See* PSR, ¶ 49).  His conduct in the instant case involves a one-time sale of a collection of artifacts that Bullock had hanging on his wall in a frame since 1997. Bullock was not part of the "large network of individuals who regularly pillaged archaeological sites," as noted in the Presentence Report.  *See* PSR, ¶¶ 24, 25.  Nor did he actually excavate the items he sold, but was given those items by his brother in law in

1997.[1]  When he received the artifacts he never had any intention on selling them, and instead displayed them in his home for ten years.  In 2007, Bullock was contacted by a co-defendant, who had been in Bullock's home years earlier and had seen the artifacts. She introduced Bullock to the confidential informant ("C.I."), and received a ten percent finders fee from the C.I. for the sale.

Bullock can best be described as a hard working family man.  He worked consistently for Unocal Oil for twenty-two years.  Bullock and his wife have been married for thirty-three years and have raised two children together.  Clearly, his conduct in the instant case is a "marked deviation" from "an otherwise law-abiding life." Accordingly, a departure pursuant to U.S.S.G. § 5K2.20 is warranted.

### III.   Bullock's Medical Needs Provide a Basis for Departure

Section 3553(a)(1) of the United States Code provides that in determining a sentence that is "sufficient, but not greater than necessary," the court shall consider the "history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).  Bullock, at age 61, has numerous health problems and has been physically disabled since 2000.  *See* PSR, ¶ 54.  He suffers from hypertension, high cholesterol, asthma, bilateral knee problems, and shoulder and collar bone problems.  *Id*. He has had ten surgeries, six of which were knee surgeries.  Moreover, Bullock takes many prescription medications,

---

[1] Paragraph 27 of the presentence report erroneously indicates that Bullock "actively excavated" the sold items.  As indicated in the statement of facts section of the plea form, Bullock was merely in possession of artifacts that had been excavated from BLM lands. *See* Statement by Defendant in Advance of Plea of Guilty, ¶ 11.

including Zanax, Benazapril, Lotensin, Lortab and Alprazolam.  He has suffered from panic attacks, and due to the stress of the instant case, has lost 34 pounds.  Given the array of medical and mental health issues Bullock faces, a sentence of probation is justified.

Accordingly, Bullock respectfully urges this Court to depart downward and impose a sentence of probation or home confinement.

RESPECTFULLY SUBMITTED this 17th   day of May, 2010.

YENGICH, RICH & XAIZ

By */s/ Earl G. Xaiz*_____
EARL G. XAIZ
Attorney for Defendant

<u>CERTIFICATE OF SERVICE</u>

I hereby declare that a true and correct copy of the foregoing Position of Defendant with Respect to Sentencing Factors was filed electronically and caused to be served by electronic notice to all parties listed below on this 17th day of May, 2010.

Richard D. McKelvie
U.S. Attorney's Office
185 South State Street, Suite 300
Salt Lake City, UT  84111

Lorrie A. Ryther
U.S. Probation Office


*/s/ Myrleen Wright*